IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 01 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00422-BNB

EDWARD LEE HICKS,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF DEPARTMENT (JCSD),
SHERIFF TED MINKS,
DEPUTY SHERIFF SGT. RENFRO,
DEPUTY SHERIFF SGT. ANDERSON,
DEPUTY SHERIFF SGT. WEB,
DEPUTY SHERIFF JIM MERRIL,
DEPUTY SHERIFF KEMP,
COUNTY JAIL COUNSELOR TAWNIE (Last Name Unknown),
MIKE FISH,
COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
TOM CLEMENTS, Executive Dir. of CDOC,
TIM HAND, Assist. Dir. of Parole Community Correction Div.,
SUSAN KELLER, Community Parole Officer,
CATHY HOIST, ADA Inmate Coordinator,
JULIE RUSSELL, ADA Inmate Coordinator/Legal Services,
S. STEINBECK, ADA Coordinator at AVCF, and
MRS. NELSON, HSA for AVCF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff, Edward Lee Hicks, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Hicks, acting *pro se*, initiated this action by filing a Complaint alleging that his constitutional rights have been violated. The Complaint was deficient. Magistrate Judge Boyd N. Boland instructed Mr. Hicks to cure the deficiency by filing his claims on a current Court-approved form used in filing

prisoner complaints, which he did on March 24, 2011.

The Court must construe the Prisoner Complaint liberally because Mr. Hicks is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hicks will be ordered to file an Amended Prisoner Complaint.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Mr. Hicks may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Mr. Hicks may not sue the Jefferson County Sheriff's Department because it is not a separate entity from Jefferson County and not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department must be considered as asserted against Jefferson County. In

addition, municipalities and municipal entities, such as Jefferson County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Hicks cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Hicks also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hicks must name and show how each named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hicks, therefore, will be directed to file an Amended Prisoner Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Hicks to state a claim in federal court, his Amended "[C]omplaint must explain what

each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Hicks file an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hicks, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Hicks fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED April 1, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00422-BNB

Edward Lee Hicks
Prisoner No. 131164
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk