F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00422-BNB

EDWARD LEE HICKS,

        Plaintiff,

v.

MR. RENFRO, Individual and Official Capacity, Acting Sgt,
MR. ANDERSON, Individual and Official Capacity, Acting Sgt,
MR. WEB, Individual and Official Capacity, Acting Sgt,
JOHN DOE, Individual and Official Capacity, Acting Booking Deputy,
JIM MERRIL, Individual and Official Capacity, Acting Deputy,
MR. KEMP, Individual and Official Capacity, Acting Deputy,
COUNSELOR TAWNIE, Last Name Unknown, Individual and Official Capacity, Acting
        Counselor,
MIKE FISH, Individual and Official Capacity, Acting Official Title Unknown,
TIM HAND, Individual and Official Capacity, Acting Assist. Dir. of Parole Comm. Corr.
        Div.,
SUSAN KELLER, Individual and Official Capacity, Acting Comm. Corr. Parole Officer,
CATHY HOLST, Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
JULIE RUSSELL,Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
S. STEINBECK, Individual and Official Capacity, Acting AVCF ADA Coordinator, and
MS. NELSON, Individual and Official Capacity, Acting HSA for AVCF,

        Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

        Plaintiff, Edward Lee Hicks, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who is currently incarcerated at the Colorado

Territorial Correctional Facility in Canon City, Colorado.  Mr. Hicks initiated this action by

filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

On April 1, 2011, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it named improper parties and because it failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Hicks to file an amended prisoner complaint within thirty days. After receiving an extension of time, Mr. Hicks submitted an amended complaint on June 3, 2011.

The Court must construe the amended complaint liberally because Mr. Hicks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Hicks is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

2

clearly does not exist or asserts facts that do not support an arguable claim. **See**

**Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Hicks asserts three claims in the amended complaint. His claims stem from

allegations that Mr. Hicks is hearing impaired and that the named Defendants

"negligently lost, and or conspired in the loss of the Plaintiff's hearing aid." Amended

Complaint at 8. Mr. Hicks alleges that on August 16, 2010, Defendant Susan Keller

took him into custody and inventoried his property, which included a hearing aid for his

right ear. **Id.** at 9. He asserts that Defendant Keller turned him over to the custody of

Defendant Sheriff John Doe at the Jefferson County Detention Facility and that

Defendant John Doe received Plaintiff's personal property, including the hearing aid, but

that the hearing aid was lost. **Id.** Mr. Hicks alleges that he has made numerous

requests via letters and grievances to have his hearing aid located or replaced but that

the named Defendants have refused to take responsibility for the loss of the hearing aid

and refused to replace it. **Id.** at 10-14. Mr. Hicks asserts that his rights have been

violated under the Eighth and Fourteenth Amendments and the Americans with

Disabilities Act (ADA). As a result, he seeks damages and injunctive relief.

Mr. Hicks is suing Defendants Renfro, Web, Merril, Fish, and Hand because they

allegedly are responsible for the constitutional violations committed by other individuals

or because they hold supervisory positions. Mr. Hicks asserts that he notified

Defendants Renfro, Web, Fish, and Hand of constitutional violations committed by

defendants under their supervision by sending letters to them. He also asserts that

Defendant Merril was notified by Defendant Kemp that Mr. Hicks' hearing aid was

3

missing.  However, these allegations fail to establish the personal participation of Defendants Renfro, Web, Merril, Fish, and Hand.  Mr. Hicks was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of *respondeat superior*.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983.  *Davis v. Ark. Vally Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation).  Mr. Hicks has failed to allege an affirmative link between the alleged constitutional violations and these Defendants.  Because Mr. Hicks fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Renfro, Web, Merril, Fish, and Hand are improper parties to the action and will be dismissed.

4

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Hicks' claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Renfro, Web, Merril, Fish, and Hand are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __23rd__ day of ___June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00422-BNB

Edward Lee Hicks
Prisoner No.  131164
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 23, 2011.

GREGORY C. LANGHAM, CLERK

By:_____

Deputy Clerk