IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00422–WJM–KMT

EDWARD LEE HICKS,

    Plaintiff,

v.

MR. ANDERSON, Individual and Official Capacity, Acting Sgt,
JOHN DOE, Individual and Official Capacity, Acting Booking Deputy,
MR. KEMP, Individual and Official Capacity, Acting Deputy,
COUNSEL TAWNIE, Last Name Unknown, Individual and Official Capacity, Acting Counselor,
SUSAN KELLER, Individual and Official Capacity, Acting Comm. Corr. Parole Officer,
CATHY HOLST, Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
JULIE RUSSELL, Individual and Official Capacity, Aciting AIC/ADA Legal Assistant,
S. STEINBECK, Individual and Official Capacity, Acting AVCF-ADA Coordinator, and
MS. NELSON, Individual and Official Capacity, Acting HSA for AVCF,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the "CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot." (Doc. No. 62, filed Jan. 30, 2012 [Mot.].) Plaintiff's response was filed on February 27, 2012. (Doc. No. 76, filed Feb. 27, 2012 [Resp.].) Although the time for Defendants Keller, Holst, Russell, Steinbeck, and Nelson (the "CDOC Defendants") to reply has not yet passed, *see* D.C.COLOLCivR 7.1C, the court notes that Local Rule 7.1C permits a court to "rul[e] on a motion at any time after it is filed," *id.* For the following reasons, the court recommends that the CDOC Defendants' Motion be granted.

In their Motion, the CDOC Defendants seek to dismiss Plaintiff's claims for injunctive relief as moot. More specifically, the CDOC Defendants point out that Plaintiffs' Amended Prisoner Complaint seeks injunctive relief requiring "the Defendant(s) to provide any and all proper medical care to this Plaintiff including any hearing assistive services and devices." (Doc. No. 15 at 26, filed June 3, 2011 [Am. Compl.].) On December 7, 2011, Plaintiff was fitted with and issued a "behind-the-ear hearing aid" for his right ear. (Mot. at 2, Ex. A-2.) On December 28, 2011, Plaintiff was seen for a follow-up medical appointment for "hearing aid mold trim and fitting" where the medical provider noted that Plaintiff's "right hearing aid appears to be positioned well." (*Id.* at 2, Ex. A-3.) Plaintiff does not dispute that he was provided with a hearing aid.[1, 2] (*See* Resp. at 1.)

"The mootness doctrine derives from Article III's requirement that federal courts decide only actual cases between litigants." *United States v. Dominguez–Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715,

---

[1] Rather, Plaintiff asserts that it was not any of the CDOC Defendants who helped Plaintiff obtain a replacement hearing aid. (Resp. at 1.) Instead, Plaintiff maintains that it was a physician's assistant at the Territorial Correctional Facility in Canon City, Colorado who assisted Plaintiff in obtaining his new hearing aid. (*Id.* at 1-2.) However, whether it was the CDOC Defendants or a nonparty Colorado Department of Corrections employee that assisted Plaintiff in obtaining a replacement hearing aid is immaterial to the question of whether his claims for injunctive relief is moot.

[2] The court further notes that, at the Preliminary Scheduling Conference held on February 27, 2012 (*see* Doc. No. 78), the court explained to Plaintiff why his receipt of a replacement hearing aid likely mooted his claims for injunctive relief and Plaintiff indicated his understanding of that proposition. The court further indicated to Plaintiff that the fact that his claims for injunctive relief might be moot had no impact on his claims for damages.

2

721–22 (10th Cir. 2000). When a case or claim is moot, federal courts lack power to review it, because to do so would result in an advisory opinion prohibited by Article III. *Id.*; *see also Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995) (citing *Preiser*, 422 U.S. at 401).

"A case becomes moot when events occur which resolve the controversy underlying it." *Dominguez–Carmona*, 166 F.3d at 1055.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome . . . . When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. In these circumstances, the party must demonstrate a good chance of being likewise injured in the future.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (internal quotation marks and citations omitted). *See also Transwestern Pipeline v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.").

Here, Plaintiff has been provided with "all proper medical care" requested in his claims for injunctive relief, in the form of a replacement hearing aid. (Am. Compl. at 28.) Plaintiff has not demonstrated, nor is it otherwise apparent to the court, that there is a good chance that

Defendants will deprive him of a proper hearing assistive device in the future. Accordingly, the court finds that Plaintiff's claims for injunctive relief is moot, and that the CDOC Defendants' Motion is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the "CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot" (Doc. No. 62) be GRANTED, and that Plaintiff's claims for injunctive relief be dismissed.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of March, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge