IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00422–WJM–KMT


EDWARD LEE HICKS,

      Plaintiff,

v.

MR. ANDERSON, Individual and Official Capacity, Acting Sgt,
JOHN DOE, Individual and Official Capacity, Acting Booking Deputy,
MR. KEMP, Individual and Official Capacity, Acting Deputy,
COUNSEL TAWNIE, Last Name Unknown, Individual and Official Capacity, Acting
Counselor,
SUSAN KELLER, Individual and Official Capacity, Acting Comm. Corr. Parole Officer,
CATHY HOLST, Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
JULIE RUSSELL, Individual and Official Capacity, Aciting AIC/ADA Legal Assistant,
S. STEINBECK, Individual and Official Capacity, Acting AVCF-ADA Coordinator, and
MS. NELSON, Individual and Official Capacity, Acting HSA for AVCF,

      Defendants.

---

## ORDER

---

      This matter is before the court on Plaintiff's "Motion Requesting the Court to Serve the Subpoena of Records Upon Third Party - Intervention Community Correction Services - Requesting for Service under I.F.P." (Doc. No. 86, filed April 2, 2012.) For the following reasons, Plaintiff's Motion is denied without prejudice.

      On March 14, 2012, the court granted Plaintiff's "Motion Requesting the Subpoena of Records from a Third Party – Intervention Community Corrections Services (ICCS)" (Doc. No.

80, filed Mar. 13, 2012) by directing the Clerk of Court to send Plaintiff a signed subpoena, featuring the caption of this case, directed to Intervention Community Corrections Facility (ICCS).  (*See* Doc. No. 84, filed Mar. 14, 2012.)  In his present Motion, Plaintiff seeks a court order directing the United States Marshal Service to serve this subpoena on ICCS.  (Mot. at 2.)

An indigent litigant is entitled to have subpoenas served by "officers of the court," which in nearly all circumstances means the United States Marshal.  28 U.S.C. § 1915(d).  The preferred method for accomplishing this task is for the plaintiff to file a motion with the court, attaching the subpoena to be served-requesting an order that the Marshal serve the attached subpoena.  This method is preferred because the court has the opportunity to review the subpoena and deny service if the subpoena is overbroad or otherwise unduly burdensome in violation of Fed.R.Civ.P. 45(c).  *Andrade v. Oba,* 07-cv-00872-WYD-KMT, at *1 (D. Colo. Mar. 11, 2009).

Having reviewed the subpoena attached to Plaintiff's Motion, the court finds that it is vague and overbroad as presently fashioned.  Specifically, the subpoena that Plaintiff proposes to serve on ICCS does not in any way reference the documents that Plaintiff seeks to obtain from ICCS.  (*See* Mot. at 3-4.)  ICCS is not required to divine what specific documents Plaintiff seeks; rather, it is incumbent on Plaintiff to specify those documents so that ICCS may produce them, or object to their production.  Accordingly, while the court finds that it is authorized to direct the United States Marshal to serve Plaintiff's subpoena pursuant to 28 U.S.C. § 1915(d), it declines to do so because the subpoena that Plaintiff seeks to have served is vague as to the documents to

2

be produced, and is thus overbroad.

Therefore, for the foregoing reasons,

Plaintiff's "Motion Requesting the Court to Serve the Subpoena of Records Upon Third Party - Intervention Community Correction Services - Requesting for Service under I.F.P." (Doc. No. 86) is DENIED without prejudice.  After modifying his subpoena consistent with this Order, Plaintiff may file a renewed motion seeking to have his subpoena served by the United States Marshal.

Dated this 3rd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge