**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-0422-WJM-KMT

EDWARD LEE HICKS,

    Plaintiff,

v.

SUSAN KELLER, Individual and Official Capacity, Acting Comm. Corr. Parole Officer,
CATHY HOLST, Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
JULIE RUSSELL, Individual and Official Capacity, Acting AIC/ADA Legal Assistant,
S. STEINBECK, Individual and Official Capacity, Acting AVCF ADA Coordinator, and
MS. NELSON, Individual and Official Capacity, Acting HSA for AVCF,

    Defendants.

---

**ORDER ADOPTING THE RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on (i) the January 23, 2012 Recommendation by U.S. Magistrate Judge Kathleen M.. Tafoya (ECF No. 61) (the "January 23, 2012 Recommendation") that Defendants Keller, Holst, Russell, Steinbeck, and Nelson's (the "CDOC Defendants") Motion to Dismiss Plaintiff's Amended Complaint be granted in part and denied in part[1], and (ii) the March 7, 2012 Recommendation by U.S. Magistrate Judge Tafoya (ECF No. 79) (the "March 7, 2012 Recommendation") (jointly, the "Recommendations"), that the CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot be granted.  These Recommendations are

---

[1] On April 19, 2012, per stipulation, all claims against Defendants Anderson, Doe, Kemp, and Tawnie (the "Jefferson County Defendants") were dismissed with prejudice.  (ECF No. 96.)  Therefore, the Court only reviews the January 23, 2012 Recommendation insofar as it deals with the non-Jefferson County Defendants, and the Jefferson County Defendants' Motion to Dismiss (ECF No. 26) is Denied as Moot.

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

The facts relevant to a resolution of these Motions to Dismiss are detailed in the Recommendations.  Briefly, Plaintiff is a currently incarcerated *pro se* prisoner with the Colorado Department of Corrections ("CDOC").  (Am. Compl. (ECF No. 15.)) Defendants are various employees of the CDOC.  (*Id*.)  The instant lawsuit arises from Plaintiff's claims that Defendants lost and failed to replace his hearing-aid.

Plaintiff's operative Complaint for purposes of resolving the Motions to Dismiss was filed on June 3, 2011.[2]  (*Id*.)  Plaintiff's Amended Complaint alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution, brought under 42 U.S.C. § 1983, and violations of the Americans with Disabilities Act ("ADA").  (*Id*.)

On August 29, 2011, the CDOC Defendants filed their Motion to Dismiss requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, and qualified immunity.  (CDOC Mot. to Dismiss (ECF No. 46.))  On October 28, 2011, Plaintiff filed his Response to the CDOC Defendants' Motion (ECF No. 55), and the CDOC Defendants filed their Reply to Plaintiff's Response on November 14, 2011 (CDOC Reply (ECF No. 57)).

---

[2]  Plaintiff's Amended Complaint does not feature any exhibits. However, Plaintiff's original Complaint, filed February 18, 2011 (ECF. No. 1) does contain exhibits, and it is clear that Plaintiff, in his Motion to Dismiss Response, is attempting to refer to the exhibits attached to his original Complaint.  Accordingly, the Court construes Plaintiff's Amended Complaint to include the exhibits attached to his original Complaint—specifically pages 8–83 of Document Number 1 as scanned by the Clerk of Court.

On the January 23, 2012, the Magistrate Judge issued her Recommendation that the CDOC Defendants' Motion to Dismiss be granted in part and denied in part, as described below in the analysis section.  (ECF No. 61.)  On February 6, 2012, the CDOC Defendants filed a timely Objection to the January 23, 2012 Recommendation (CDOC Obj. (ECF No. 64)), and Plaintiff filed his Objection on February 27, 2012 (Pl. Obj. (ECF No. 77)).[3]

On January 30, 2012, the CDOC Defendants filed a Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot, arguing that Plaintiff's recent receipt of a hearing-aid mooted his claims for injunctive relief.  (ECF No. 62.)  On February 27, 2012, Plaintiff filed his Response to the CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief.  (ECF No. 76).

On the March 7, 2012, the Magistrate Judge issued her Recommendation that the CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot be granted.  (ECF No. 79.)  Neither party filed an objection to the March 7, 2012 Recommendation.

For the reasons stated below, Plaintiff's and the CDOC Defendants' objections to the January 23, 2012 Recommendation are OVERRULED, the Magistrate Judge's January 23, 2012 Recommendation is ADOPTED in its entirety, and the CDOC Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.  Further, the Magistrate Judge's March 7, 2012 Recommendation is ADOPTED in its entirety, and the CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot

---

[3] By Court Order, Plaintiff was given until February 28, 2012 to file his Objection to the January 23, 2012 Recommendation.  (ECF No. 67.)

is GRANTED.

## II. LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule

Case 1:11-cv-00422-WJM-KMT   Document 99   Filed 04/24/12   USDC Colorado   Page 5 of 16

12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely

possible that the plaintiff is entitled to relief under the relevant law.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendations in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

#### A.     The January 23, 2012 Recommendation

The Magistrate Judge's January 23, 2012 Recommendation contains numerous findings and conclusions.  (Jan 23, 2012 Rec. at 31-32.)  Neither party objects to the majority of these findings.  However, the CDOC Defendants object to the Magistrate Judge's recommendation that their Motion to Dismiss Plaintiff's § 1983 Eighth Amendment claim against Defendant Nelson in her individual capacity be denied (CDOC Obj. at 3-4), and Plaintiff objects to the Magistrate Judge's recommendation that all claims brought against Defendants Keller, Holst, Russell and Steinbeck in their

individual capacities be dismissed. (Pl. Obj. at 1-8). The Court will review *de novo* each portion to which a specific objection was made. Otherwise, the Court will review the January 23, 3012 Recommendation for clear error. Fed. R. Civ. P. 72(b)(3).

### 1.     The CDOC Defendants' Objections

The Magistrate Judge recommends that the CDOC Defendants' Motion to Dismiss Plaintiff's § 1983 Eighth Amendment claim against Defendant Nelson in her individual capacity be denied. (Jan. 23, 2012 Rec. at 20-25.) The CDOC Defendants object to this recommendation arguing that Plaintiff fails to state an Eighth Amendment claim against Defendant Nelson, and that she is entitled to qualified immunity. (Obj. at 3-9.)

Plaintiff seeks to establish that Defendant Nelson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. (Am. Compl. at 20-23.) In order to state an Eighth Amendment cruel and unusual punishment claim, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), cert. denied, 549 U.S. 856 (2006). "The test for constitutional liability of prison officials [under an Eighth Amendment cruel and unusual punishment claim] 'involves both an objective and a subjective component.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and [2] that the Defendants'

> delay in meeting that need caused him substantial harm. Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted). "A medical need is serious if it has been diagnosed by a doctor or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation and internal quotation omitted).

After a thorough examination of the record, the Magistrate Judge recommends that while Plaintiff fails to state a claim for deliberate indifference against Defendants Keller, Holst, Russell, and Steinbeck in their individual capacities, Plaintiff's allegations against Defendant Nelson satisfy both prongs of the Eighth Amendment inquiry. (Jan. 23, 2012 Rec. at 20-25.) The Court agrees.

Reading Plaintiff's Amended Complaint in the light most favorable to him, as the Court must on a Motion to Dismiss, Plaintiff has sufficiently alleged that Defendant Nelson denied Plaintiff a replacement hearing-aid with deliberate indifference to his serious medical need. (Am. Compl. at 20-23.) Plaintiff alleges that despite learning of the circumstances surrounding the loss of his hearing-aid, including that Plaintiff's hearing-aid was provided by the CDOC and that he was not responsible for its loss, Defendant Nelson nevertheless informed Plaintiff that his request for a replacement hearing-aid was denied. (*Id.*, Exs. 4A, 14, 15.) Moreover, Defendant Nelson informed Plaintiff that he would be responsible for replacing the hearing-aid, at a cost of between $4,000 and $5,000. (*Id.* at 14.) Plaintiff's allegations of intentional deprivation of his

hearing-aid, a necessary medical devise, sufficiently state a claim that Defendant Nelson was deliberately indifferent to Plaintiff's serious medical needs.  *See Large v. Wash. Cnty. Detention Ctr.*, 915 F.2d 1564, 1990 WL 153978, at *2 (4th Cir. Oct. 16, 2007) ("under appropriate circumstances the refusal to supply a hearing aid to a convict could constitute deliberate indifference to a serious medical need"); *Kollyns v. Gintoli*, No. 04-cv-2322, 2006 WL 2706962, at *6 n.7 (D.S.C. Sept. 15, 2006) ("In certain circumstances, the failure to provide basic corrective/medical devices may amount to deliberate indifference to a serious medical need."); *Snodgrass v. Heinzl*, 05-cv-608, 2005 WL 3465546, at *7 (W.D. Wisc. Dec. 16, 2005) (declining to dismiss a deliberate indifference claim based on "a state official's failure to provide a prisoner with hearing aids after tests show he needed them to hear because [i]t is arguable that if the normal function[] of . . . hearing can be restored easily by such things as a . . . hearing aid, a state's refusal to provide these things would violate the Eighth Amendment."). Accordingly, the Court finds that Plaintiff has sufficiently alleged a § 1983 Eighth Amendment claim against Defendant Nelson in her individual capacity.

Defendants also argue that Defendant Nelson is entitled to qualified immunity in her individual capacity on Plaintiff's Eight Amendment claim.  (CDOC Obj. at 9-10.) When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff who must meet a heavy two-part burden.  *See Maestas v. Lujan*, 351 F.3d 1001, 1006-1007 (10th Cir. 2006).  The plaintiff must first establish that the defendant's actions violated a constitutional or statutory right.  *Id.*  If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at

issue was clearly established at the time of the defendant's unlawful conduct such that a reasonable person in defendant's position would have known that his conduct violated that right. *See Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the defendant's position] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The Court finds that Defendant Nelson is not entitled to qualified immunity. "[T]here is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right." *Mata,* 427 F.3d at 749; *see also Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) ("A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs"); *Ayotte v. McPeek*, 08-cv-02508, 2009 WL 1965705, at *5 (D. Colo. June 5, 2009) (concluding that a refusal to provide batteries for and/or service the plaintiff's hearing-aid should not be dismissed because it remained to be seen whether the plaintiff's condition amounted to a "serious medical need"). Thus, a reasonable prison official in Defendant Nelson's position should or would have understood he was violating Plaintiff's constitutional rights to adequate medical treatment by denying him his prison-issued hearing-aid, and Plaintiff had an established constitutional right to his hearing-aid under the circumstances. *See Saucier*, 533 U.S. at 202. As such, viewing the facts in the light most favorable to Plaintiff, Defendant Nelson's conduct violated Plaintiff's established constitutional right to receive adequate

attention for a serious medical condition, and Defendant Nelson is not entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

For the reasons stated above, the CDOC Defendants' Motion to Dismiss Plaintiff's § 1983 Eighth Amendment claim against Defendant Nelson in her individual capacity is denied.

### 2. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that all claims brought against Defendants Keller, Holst, Russell and Steinbeck in their individual capacities be dismissed. (Pl. Obj. at 1-8.)

The Court has thoroughly reviewed the January 23, 2012 Recommendation and agrees with the Magistrate Judge that all claims brought against Defendants Keller, Holst, Russell and Steinbeck in their individual capacities should be dismissed. Plaintiff's factual allegations support an inference that Defendants Keller, Holst, Russell and Steinbeck either acted negligently by losing Plaintiff's hearing-aid or acted in a manner that did not constitute deliberate indifference to his medical needs. (Am. Compl. at 8-14, 20, Exs. 14, 14A, 14B, & 14C.) For example, Plaintiff admits that his hearing aid was "negligently lost." (*Id*. at 8); *see also Farmer*, 511 U.S. at 834 (negligence is insufficient to state a claim for deliberate indifference). Accordingly, Plaintiff's allegations do not sufficiently establish that these defendants acted with deliberate indifference to his serious medical needs. *See Larson v. Meek*, 240 F. App'x 777, 781 (10th Cir. 2007) (defendant's "denial of [] grievances alone is insufficient to establish personal participation in the alleged constitutional violations."); *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that mere participation in the grievance process, without any connection to the violation of constitutional rights, generally is insufficient to establish personal participation).

Plaintiff also fails to state a claim under the ADA against Defendants Keller, Holst, Russell and Steinbeck in their individual capacities. Plaintiff's claim against these Defendants arises under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also Robertson v. Las Animas Cnty. Sheriff's Dept*., 50 F.34d 1185, 1193 (10th Cir. 2007) (Title II of ADA "extends to discrimination against inmates detained in a county jail."). However, "[t]he proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity." *Nasious v. Colo.-Office of Governor Bill Ritter*, 09-cv-01051, 2011 WL 2601015, at *3 (D. Colo. June 29, 2011) (citation omitted). Accordingly, to the extent that Plaintiff seeks to hold the CDOC Defendants individually liable for violations of the ADA, the Court finds that Plaintiff's ADA claims are properly dismissed.

Therefore, all claims brought against Defendants Keller, Holst, Russell and Steinbeck in their individual capacities are dismissed with prejudice.

### 3. Findings Without Objection

Neither party has objected to the following Magistrate Judge's recommendations:[4]

---

[4] While neither party objected to the Magistrate Judge's recommendation that Plaintiff's § 1983 claims for injunctive relief proceed, Plaintiff's claims for injunction relief are

 (1) the dismissal of Plaintiff's § 1983 claims for damages and declaratory relief against Defendants Keller, Holst, Russell, Steinbeck, and Nelson in their official capacities;

 (2) the dismissal of Plaintiff's § 1983 Fourteenth Amendment claim against Defendant Nelson in her individual capacity;

 (3) the dismissal of Plaintiff's ADA claim against the Defendant Nelson in her individual capacity;

 (4) denying dismissal of Plaintiff's ADA claims against the CDOC Defendants in their official capacities;

 (5) denying dismissal of Plaintiff's request for punitive damages under § 1983; and

 (6) denying dismissal of Plaintiff's request for compensatory damages for emotional and mental trauma.

(Jan. 23, 2012 Rec. at 31-32.)

  The Court has reviewed these rulings of the Magistrate Judge and finds no clear error in these determinations. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Accordingly, the Magistrate Judge's January 23, 2012 Recommendation is adopted with respect to these claims.

---

discussed in the March 7, 2012 Recommendation section below.

**B.      The March 7, 2012 Recommendation**

The Magistrate Judge's March 7, 2012 Recommendation recommends that the CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot (ECF No. 62) be granted, and that Plaintiff's claims for injunctive relief be dismissed, because Plaintiff finally received a replacement prison-issued hearing-aid on December 7, 2011.  (Mar. 7, 2012 Rec. at 2-4.)  Neither party has objected to this recommendation.

The Court has reviewed the March 7, 2012 Recommendation and finds no clear error in its determination.  *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas*, 474 U.S. at 150.  Accordingly, the Magistrate Judge's March 7, 2012 Recommendation is adopted in its entirety.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' and Plaintiff's objections to the Magistrate Judge's January 23, 2012 Recommendation (ECF No. 61) are OVERRULED and the Recommendation is ADOPTED in its entirety;

2. The Magistrate Judge's March 7, 2012 Recommendation (ECF No. 79) is ADOPTED in its entirety;

3. The CDOC Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 46) is GRANTED IN PART and DENIED IN PART;

4. The Jefferson County Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 26) is DENIED AS MOOT;

5. Plaintiff's § 1983 claims for damages and declaratory relief against Defendants Keller, Holst, Russell, Steinbeck, and Nelson in their official capacities are DISMISSED WITH PREJUDICE;

6. Plaintiff's § 1983 Fourteenth Amendment claim against Defendant Nelson in her individual capacity is DISMISSED WITH PREJUDICE;

7. Plaintiff's § 1983 claims against Defendants Keller, Holst, Russell, and Steinbeck in their individual capacities are DISMISSED WITH PREJUDICE;

8. Plaintiff's ADA claims against Defendants Keller, Holst, Russell, Steinbeck, and Nelson in their individual capacities are DISMISSED WITH PREJUDICE;

9. The CDOC Defendants' Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot (ECF No. 62) is GRANTED, and Plaintiff's claims for injunctive relief are DISMISSED WITH PREJUDICE;

10. The CDOC Defendants' Motion to Dismiss Plaintiff's § 1983 Eighth Amendment claim against Defendant Nelson in her individual capacity is DENIED;

11. The CDOC Defendants' Motion to Dismiss Plaintiff's ADA claims against Defendants Keller, Holst, Russell, Steinbeck, and Nelson in their official capacities is DENIED;

12. The CDOC Defendants' Motion to Dismiss Plaintiff's request for punitive damages under § 1983 is DENIED; and

13. The CDOC Defendants' Motion to Dismiss Plaintiff's request for compensatory damages for emotional and mental trauma is DENIED.

Dated this 24th day of April, 2012.

BY THE COURT:

William J. Martinez
United States District Judge